IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:00cr126-ID |
| | ) | [WO] |
| WILLIE B. FERGUSON | ) | |

**O R D E R**

Before the court is Defendant Willie B. Ferguson's *pro se* motion to adjust fine, filed October 20, 2006.  (Doc. No. 604.)  For the reasons to follow, the motion is due to be denied.

On January 23, 2002, the court sentenced Defendant to a term of imprisonment of 180 months and imposed a $2,500 fine.  The record reflects that Defendant has been paying money toward his fine in monthly installments of $25.00.  Defendant requests the court to reduce these monthly fine payments, which were established by the Bureau of Prisons ("BOP"), by virtue of Defendant's participation in the Inmate Financial Responsibility Program ("IFRP").  The IFRP is a BOP program designed to assist inmates satisfy their financial obligations, including court-ordered assessments, fines and restitution, so as to demonstrate their "acceptance of responsibility."  28 C.F.R. § 545.10; BOP Program Statement 5380.08.

Defendant's initial venue for relief, if he is entitled to any relief, is through the Administrative Remedy Program, which allows BOP inmates "to seek formal review of an issue relating to any aspect of [their] confinement."  28 C.F.R. § 542.10.  Defendant

must exhaust his administrative remedies before he can file suit in federal court about matters relating to the IFRP, such as complaints concerning the amount of the fine payments or the ability to pay. See Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991) ("The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact."); Johnpoll v. Thornburgh, 898 F.2d 849, 850-51 (2d Cir. 1990) (holding that grievances pertaining to BOP's collection of judgments and the IFRP are aspects of confinement and are subject to the administrative remedy procedures).

Defendant has failed to demonstrate that he has exhausted his administrative remedies. His motion, therefore, is due to be denied. Accordingly, it is

CONSIDERED and ORDERED that Defendant's motion to adjust fine be and the same is hereby DENIED.

DONE this 26th day of October, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE